UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-008-HRW

GARY WILDER                                                                                           PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

JEREMY LEE, ET AL.                            .                                              DEFENDANTS

      This matter is currently before the Court for consideration. On January 6, 2005, the plaintiff Gary Wilder, an individual presently confined in the Green River Correctional Complex in Central City, Kentucky, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [Record No. 1]. The plaintiff did not pay the requisite $250.00 filing fee.

      When the plaintiff filed the complaint, he failed to provide the following: (1) an affidavit of assets/*in forma pauperis* application; (2) a "Certificate of Inmate Account" for the six-month period preceding the filing of the complaint; and (3) a statement explaining whether and/or to what extent he had exhausted his administrative remedies.

      In light of the fact that the plaintiff is proceeding *pro se*, the Court entered a "Deficiency Order" on January 26, 2005. In it, the Court ordered the plaintiff to provide the Court, within thirty (30) days, (1) an affidavit of assets/*in forma pauperis* application; (2) a "Certificate of Inmate Account" for the six-month period preceding the filing of the complaint; and (3) a description of his attempts, if any, to administratively exhaust his claims [Record No. 2].[1]

---

[1] The Court also provided the plaintiff with several forms to facilitate his submission of a proper complaint: (1) a Form 122 (*in forma pauperis* application); (2) a Form 117, "Certificate of Inmate Account"; and (3) a Form 118, on which he could set forth his attempts, if any, to administratively exhaust his claims.

The Court clearly advised and informed the plaintiff that if he failed to comply with the "Deficiency Order" within thirty days, the Court would order the case dismissed for want of prosecution, *i.e.*, failure to demonstrate exhaustion of administrative remedies. The "Deficiency Order" also notified the plaintiff that if the Court dismissed his complaint on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of filing fees. [*See* Record No. 2, ¶3]

The record reflects that on January 26, 2005, the Clerk of this Court mailed a copy of the "Deficiency Order" to the plaintiff at his listed and last known address:

> Gary Wilder, #16679
> Green River Correctional Complex
> 1200 River Road
> P.O. Box 9300
> Central City, Kentucky 42330

[*See* Record No. 2; (Attachment: Clerk's Notation)]

There is no indication in the record that the copy of the "Deficiency Order," which the Clerk of the Court mailed to the plaintiff at his last known address on January 26, 2005, at the Green River Correctional Complex, was returned in the mail as "Undeliverable" for any reason. The plaintiff has not responded to the "Deficiency Order." The time for the plaintiff's compliance with the "Deficiency Order" has expired. This record does not reflect that the plaintiff has requested an extension of time in which to respond to the "Deficiency Order."

The lenient treatment generally accorded to *pro se* litigants has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is

2

not afforded special consideration for failure to follow readily comprehended court orders). The Court determines that the plaintiff bears some responsibility in pursuing his claims in timely fashion, but that he has not diligently advanced his claims despite opportunities from the Court to do so.

The Court construes the plaintiff's failure to respond to the "Deficiency Order" as an abandonment of his claims. The Court determines that this proceeding should be dismissed for want of prosecution, the plaintiff having failed to comply with the "Deficiency Order."

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This June 24, 2005.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge